## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROBERT WEIL,**

     **Plaintiff,**

**vs.**                             **CASE NO.:**

**PREMIER MEN'S MEDICAL**
**CENTER OF ORLANDO, LLC,**

     **Defendant.**          **/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT WEIL, by and through the undersigned attorney, sues the

Defendant, PREMIER MEN'S MEDICAL CENTER OF ORLANDO, LLC, and

alleges:

1.     Plaintiff was an employee of Defendant and brings this action for

unpaid minimum wages and overtime compensation, and breach of agreement for

unpaid wages, commissions, and travel expenses.

## GENERAL ALLEGATIONS

2.     Plaintiff worked for Defendant from March 2021 to March 2022 as a

Medical Consultant.

3.     Plaintiff entered into an agreement with Defendant whereby he was

paid a salary plus commissions and travel expenses.

4.     Defendant did not compensate Plaintiff additional overtime

1

compensation for overtime hours worked.

5.      At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6.      Defendant, PREMIER MEN'S MEDICAL CENTER OF ORLANDO, LLC, is a Florida Limited Liability Company that operates and conducts business in, among other locations, Orlando, Florida and is therefore, within the jurisdiction of this Court.

7.      Defendant, PREMIER MEN'S MEDICAL CENTER OF ORLANDO, LLC, operates as a medical center that specializes in men's health and wellness issues.

8.      Plaintiff brings this action for unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") to recover from Defendant minimum wages and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

10.     This Court has supplemental jurisdiction over Plaintiff's claims for breach of agreement pursuant to 28 U.S.C. § 1367 as these claims are so interrelated

with Plaintiff's FLSA claim that they form part of the same case or controversy.

11.     During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

12.     During Plaintiff's employment with Defendant, Defendant employed two or more employees who handled goods, materials and supplies which had travelled in interstate commerce.

13.     Included in such goods, materials and supplies were telephones, computers, office equipment, medical equipment, prescription medication, and other items which originated from outside the state of Florida.

14.     Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15.     Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant as a result of his routine travel outside of the state of Florida to train new sales representatives on behalf of Defendant.

## FACTUAL BACKGROUND

16.     At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiff as exempt from overtime compensation.

17.     During his employment with Defendant, Plaintiff was classified by Defendant as exempt under the FLSA.

18.     Plaintiff was paid a weekly salary plus commissions and travel

expenses as his compensation.

19.     Plaintiff's primary job duties were those of inside sales: greeting potential customers, selling medical services to potential customers, and working with potential customers on payment options.

20.     Plaintiff was truly a non-exempt employee and should have been paid overtime compensation for overtime hours worked.

21.     Plaintiff routinely worked overtime hours but was never paid time and one-half compensation for same.

22.      Additionally, during Plaintiff's employment, there was a three-week period of time in which Defendant failed to pay Plaintiff any compensation at all, resulting in unpaid minimum wages and overtime compensation, unpaid salary, and unpaid commissions.

23.     Defendant also failed to reimburse Plaintiff for all travel expenses as required by their agreement.

24.     Defendant also improperly deducted $1,200.00 from Plaintiff's pay resulting in unpaid salary and commissions.

25.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

### COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

26.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above as though fully stated herein.

27.     Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

28.     During his employment with Defendant, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

29.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30.     Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

31.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ROBERT WEIL, demands judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION (FLSA)

33.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above as though fully stated herein.

34.     Plaintiff was/is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

35.     During his employment with Defendant, Plaintiff was misclassified as exempt and worked overtime hours without receiving additional overtime compensation from Defendant.

36.     Defendant did not have a good faith basis for their decision to classify Plaintiff as exempt under the FLSA.

37.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

39.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ROBERT WEIL, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

6

## COUNT III – BREACH OF AGREEMENT / UNPAID WAGES, COMMISSIONS, AND TRAVEL EXPENSES

40.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above as though fully stated herein.

41.     Plaintiff agreed to work for Defendant and Defendant agreed to pay Plaintiff a salary, commissions, and travel expenses as compensation for his performance.

42.     As explained above, Defendant has breached this agreement by failing to pay Plaintiff all monies owed to him pursuant to the agreement.

43.     Plaintiff has been damaged as a result of Defendant's failure to pay Plaintiff the agreed upon compensation to which he is entitled under their agreement.

44.     Pursuant to Fla. Stat. §448.08, Plaintiff is entitled to attorneys' fees and costs of this action.

45.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ROBERT WEIL, demands judgment against Defendant for unpaid wages and expenses, pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated:  November 18, 2022                    Respectfully submitted,

*/s/ Kimberly De Arcangelis*
KIMBERLY DE ARCANGELIS, ESQ.
Bar No.:  025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile:  (407) 245-3383
Email:         kimd@forthepeople.com
*Trial Attorneys for Plaintiffs*